**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TYGER VANCE** **PLAINTIFF**

v. No. 1:05CV148-P-A

**ATTORNEY WAYNE HOUSHEY** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Tyger Vance, challenging the conditions of his confinement under 42 U.S.C. § 1983. The plaintiff claims that his appointed counsel Wayne Houshey made various errors in representing the plaintiff during his criminal case. The plaintiff seeks four million dollars in damages and for his former attorney to be sanctioned by the Mississippi Bar Association. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

The plaintiff seeks a finding that his defense counsel made serious errors during his representation of the plaintiff during his criminal proceeding. The plaintiff thus does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. The plaintiff argues that his counsel was ineffective; such a claim would certainly call into question the validity of the plaintiff's conviction. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe

for consideration and shall be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE